## Brown *v.* George.

If one request another to work for the benefit of a third party, and promise to pay him for it, this promise is original and not collateral.

A book of accounts is not evidence against one not named as the debtor.

Assumpsit. It appeared from the report of the auditor that the plaintiff proved, in support of his account, that he worked upon a store belonging to Albert Brown, in Hampton, in 1843; that he finished the inside of a room in the same, sixteen by eighteen feet, removed two windows in the side of the same, built a flight of stairs, and hauled a load of sand and three casks of lime to the house.

The plaintiff introduced and proved the execution of an order, of which the following is a true copy, to wit:

"October 11, 1843. Uri Lamprey: Please see to the finishing off of the store, building by Albert Brown, in Hampton, and I will be accountable for all bills contracted by you for materials, or labor on the same; the lower rooms only to be finished, inside doors and windows to be completed and chimney.

(Signed)          Samuel George."

It was proved that Uri Lamprey gave to Albert Brown a writing, directed to the plaintiff, the purport of which was, that if the plaintiff would do the work in the store the defendant should pay him for it, whereupon the plaintiff did the work.

The plaintiff put in his original book of accounts, supported by his oath, in which the various items of charges against the defendant contained in the plaintiff's specification (amounting to $51.72), were charged to Albert Brown.

It was proved, on the part of the defendant, that the joiner work done upon the room in the store by the plaintiff would not exceed thirty dollars; that a flight of stairs was built by the plaintiff, which the defendant proved

was not worth over three dollars, and that a mason could do the plastering in one day, which was not worth over two dollars.

It was proved that the defendant paid for plastering the room and the work done upon the chimney, to the men who did the work, not the plaintiff. "The auditor submits to the court whether this action can be maintained upon the foregoing evidence; and if they hold that it can, and that the plaintiff's book of accounts, verified by his oath, was admissible evidence to support his accounts, the auditor finds that the plaintiff is entitled to recover $51.72 of the defendant. But if the plaintiff's book of accounts was not admissible evidence for that purpose, the auditor finds that the plaintiff is entitled to recover the sum of $33 of the defendant."

*Hatch,* for the plaintiff, to the point that the book of accounts was admissible, cited *Fuller* v. *Little,* 7 N. H. Rep. 535.

*Marston,* for the defendant. The undertaking of the defendant was collateral, and was not legally proved. 13 Wend. 114; 7 Har. & Johns. 391; 2 T. R. 80; Chit. on Contr. 503–508; 12 Pick. 133; 20 do. 223.

There was no notice to the defendant as guarantor, and so he was not liable. 4 Greenl. 521; 12 Pet. 207; 10 do. 482; 1 Mason 333.

The present form of action cannot be maintained on a guaranty. The declaration should be special. 1 Saund. 211; 12 Pick. 133.

Woods, J. It has been argued in this case that the report of the auditor shows the undertaking of the defendant to have been collateral, and that, therefore, the defendant is not bound, for the reason that it was not put in writing, setting forth the terms of the contract, and that

for the same reason of its collateral character, this action cannot be maintained; but that a special action, setting forth the contract, would be necessary. The second question arises only in case the first position assumed is maintained.

If the undertaking was original, no doubt the action is well brought; and we regard the undertaking of the defendant, as found by the report of the auditor, to have been not a collateral, but an original undertaking. It was not in its terms conditional or collateral. The defendant did not in terms promise to pay the plaintiff, in case Albert Brown failed so to do.

At the time of the engagement, made by the defendant, no labor had been performed by the plaintiff, and no materials had been found. No liability then rested upon Brown, or upon any one else. Without in any way referring to Brown, the defendant gave Lamprey written instructions to cause the building to be finished, and engaged to be accountable for all the bills which should be contracted by Lamprey, for materials or labor in finishing the lower rooms.

Lamprey, thus directed and authorized on behalf of the defendant, employed the plaintiff absolutely, and without any condition, pledging to him the credit of the defendant to pay him for his services and materials.

As has been said, the contract or undertaking was not conditional or collateral in its terms, and we think it was not so in its legal effect. We see not how, upon the facts found, Albert Brown could have been regarded as liable to the plaintiff. The fact that he owned the building upon which the work was done, would not necessarily and conclusively render him liable to the plaintiff for the work he performed. That fact standing alone would no doubt afford evidence that the work, being designed for the benefit of Brown, was also performed at his request, and thus afford evidence of an implied promise on his part to

pay for such work. But no such inference can result, and no such promise can be implied, when it appears that the work was not done at the request of Brown, and that it was done at the request of another party, and upon the promise of another party to pay for it. This case finds explicitly that the plaintiff was employed in behalf of the defendant to do the work. Lamprey having due authority for the purpose, employed the plaintiff, expressly pledging the credit of the defendant.

Brown, then, is not liable to the plaintiff on the facts reported by the auditor. The inference that might have been drawn from the fact that the property on which the work was done was owned by Brown, is fully repelled by the clear evidence that the plaintiff was employed by another.

The defendant was liable by the express contract by which his agent had bound him, to pay for the work and materials for which the plaintiff has brought his action. We do not regard the fact that the plaintiff made the charges for those things, in the first instance, against Brown, as conclusive evidence that the credit was given to him. If there was error in keeping the book — if he made charges through mistake, against the wrong party; against a party who was not liable, or against a party to whom in fact he did not look for his pay — the mistake under which he labored may, without doubt, be proved by him, as appears to have been shown in this case; for the auditor finds the work to have been done for the defendant; and a recovery may, notwithstanding the erroneous entry, be had against the party against whom the charges should properly have been made, or who had, by acts independent of the charges on the book, became liable to pay. A mere error in charging work or any other thing to the person not liable to pay, cannot operate to discharge the person who is liable. A charge thus made would, without doubt, be considered evidence that

the work or other thing was rendered on the credit of the person charged, but the evidence would not be conclusive.

Another question in the case, is, whether the book of the plaintiff, accompanied by the usual suppletory oath, was properly received by the auditor as evidence to sustain the plaintiff's claim against the defendant.   To settle this question requires scarcely more than to state the facts.

The charges upon the book were made against Albert Brown, and him alone.   The defendant's name did not appear upon the book in connection with the charges for work.   When a book is verified by the oath of a party, as being his original book of entries, and the materials found or services rendered shown to have been found or rendered at the time that the charges for them bear date, and the charges are shown, also, to have been entered at those times, the book then comes in as evidence, and, so far as it is evidence, it stands alone, speaking its own language, and furnishing evidence only according to the language it contains, and according to its fair import.

In this case the book proves that the services were rendered and the materials were found for Albert Brown. That is not evidence that they were furnished for the defendant.   In fact, so far as the book is evidence, it tends, as was before intimated, to disprove the case made against the defendant, by showing that the plaintiff gave the credit to another.   We think it extremely clear that the book cannot be evidence against the defendant for the purpose for which it was offered.

The plaintiff is, therefore, entitled to judgment on the report, for $33 only.